# NEWPORT COUNTY.

EDWARD BANGS *et al.*, Trustees, *vs.* EMMA E. BARRET.

## SAME *vs.* SAME.

A contract of sale by a lessor to a lessee of the premises leased contained a provision that "if the title of the bargained premises, on examination by said vendee, hereafter shall be found defective, this contract shall be rescinded," and the earnest money refunded to the vendee. A day was fixed by the contract for the conveyance and payment of the rest of the purchase money. The title proved defective, and after the day fixed the defects were remedied and conveyance and payment made.

*Held,* that the conduct of the parties showed a substituted agreement as to the time of the conveyance.

*Held,* further, the other parts of the contract having been fully performed, that the contract could not be regarded as rescinded.

*Held,* further, that, from the day fixed for the conveyance in the contract to the time when the conveyance was made, the relation of the parties was that of vendor and vendee in possession, not that of lessor and lessee. Hence no rent was to be paid for this time to the lessor who had become vendor.

ASSUMPSIT. Heard by the court, jury trial being waived. The facts as found by the court are stated in its opinion.

*Samuel R. Honey,* for plaintiff.

I. When a vendee is already in possession as tenant, his possession is to be referred to that, and not to his intended purchase. *Blanchard* v. *McDougal,* 6 Wisc. 167 ; *Mahana* v. *Blunt,* 20 Iowa, 142 ; *Rosenthal* v. *Freeburger,* 26 Md. 75 ; *Wills* v. *Stradling,* 3 Ves. Jun. 378 ; *Danforth* v. *Laney,* 28 Ala. 274 ; *Cole* v. *Potts,* 10 N. J. Eq. 67 ; *Knoll* v. *Harvey,* 19 Wisc. 110 ; *Sitton* v. *Shipp,* 65 Mo. 297 ; *Tate* v. *Jones,* 16 Florida, 216 ; *Armstrong* v. *Kattenhorn,* 11 Ohio, 265; *Jones* v. *Peterman,* 3 Serg. & R. 543 ; *Crawford & Murray* v. *Wick,* 18 Ohio St. 190.

II. The defendant cannot show a parol waiver of the clause of rescission. It is now settled that a party cannot be charged on an agreement within the statute of frauds which has been modified by parol, even in regard to a particular which is not of the essence of such a contract; *Ladd* v. *King,* 1 R. I. 224, 226 ; *Ives* v. *Armstrong,* 5 R. I. 567 ; *Hicks* v. *Aylsworth,* 13 R. I. 562, 566 ; Browne on the Statute of Frauds, §§ 410–428 ; although parol evidence is

admissible to show that such an agreement is *totally* discharged. 1 Greenleaf on Evidence, § 302; *Harvey* v. *Grabham*, 5 Ad. & El. 61, 74; *Marshall* v. *Lynn*, 6 M. & W. 109; *Monroe* v. *Perkins*, 9 Pick. 298.

III. A written agreement thus modified by parol becomes a new agreement, the evidence of the existence of which is the original written agreement and oral proof of the modifications. The effort in these actions is to " charge " the plaintiffs on such an oral agreement by depriving them of rent to which, but for it, they would be entitled.

A party cannot be charged *in any way* under a parol contract within the statute. Browne on the Statute of Frauds, § 134.

IV. It need not be considered whether a party can be charged upon an executed parol contract within the statute, for the defendant is estopped by her sealed stipulation from setting up the execution of this contract.

V. The acts of the parties, which are relied on as tending to establish a waiver of the clause of rescission, equally tend to establish proof of a postponement, until August 1, 1887, of the date for the delivery of the deed, and a change of the written agreement in *that* respect.

VI. In the cases of *Turpin* v. *Chambers*, 29 Beav. 104; *Duddell* v. *Simpson*, L. R. 2 Ch. App. 102–107; *Roberts* v. *Wyatt*, 2 Taunt. 268; *Cutts* v. *Thodey*, 13 Simon, 206, the language of the clause of rescission differed materially from the one at bar.

*Francis B. Peckham*, for defendant.

*Providence, August* 17, 1889. PER CURIAM. On August 11, 1886, the defendant was lessee of the plaintiffs, by lease under seal, and at that time entered into a written contract with them for the purchase of the demised estate; she paying down in cash $1,000, and to have a conveyance September 15, 1886, upon payment of the balance of the purchase money. The contract contained the following: " If the title of the bargained premises, on examination by said vendee, hereafter shall be found defective, this contract shall be rescinded, and said thousand dollars refunded to the vendee." Before September 15 she objected to the title as defective, but the plaintiffs insisted that it was good, and on January 31, 1887, the parties submitted the question to this court

by case stated, and subsequently, in May, 1887, the court declared its opinion that the title was defective. The plaintiffs afterwards cured the defect and conveyed the estate August 1, 1887, to the defendant, who received the deed and paid the remainder of the purchase money. She at the same time stipulated, under seal, that the delivery of the deed should not prejudice the right of the plaintiffs to rent for the use of the land between said September 15 and said August 1, if otherwise well founded. These actions are brought to recover rent during that period. The defence is, that after said September 15 the defendant was in, not as lessee or tenant, but as purchaser under the contract, waiting the conveyance ; and that, as such, she was entitled to the use of the premises as if she were the owner. This defence is set up by plea of equitable defence, and in pursuance of an agreement between the parties.

In equity the general rule is for courts to regard that which has been agreed to be done as if it were done, after the time for carrying the agreement into effect, and accordingly, in the case of contracts for the sale of real estate, after the time for the conveyance, treats the purchaser as entitled to the rents and profits of the estate to be conveyed, and the vendor as entitled to interest on the purchase money ; and in such cases it has been held that the purchaser, with the concurrence of the vendor, may safely go into possession under the contract, and that, if the purchase cannot be completed on account of defects in the title, he will not be bound to pay rent, even though the occupation has been beneficial to him, since he cannot be held to have waived objections which he was ignorant of. 1 Sugden on Vendors and Purchasers, 8 ; *Hearne* v. *Tomlin,* Peake Nisi Prius Cas. 192 ; *Kirtland* v. *Pounsett,* 2 Taunt. 145 ; *Stevens* v. *Guppy,* 3 Russell, 171 ; *Dawson* v. *Solomon,* 1 Drew. & Sm. 1. If the case at bar be within the rule that is stated, our judgment should be for the defendant. The plaintiffs contend that it is not within the rule, because, by reason of the clause above recited, the contract was rescinded and came to an end when the title was found to be defective by the defendant. They also contend that the defendant's occupation is to be referred to the lease, and to a holding over after the expiration of it, rather than to the contract.

We do not think the contract was rescinded. The clause quoted seems to have been inserted for the benefit of the purchaser. In case of the plaintiffs' inability to convey the property, the money paid to them on account of the contract was to be repaid to her. It evidently looked to an incurable defect of title and a consequent abandonment of the contract; in which case the plaintiffs, having given nothing, would restore what they had received. But the contract was not abandoned, nor was the title incurably defective. Defects were found, but the parties, instead of treating the contract as abandoned, set about to remedy them. Rent having been paid up to the time named for the delivery of the deed, the defendant testified that none was demanded of her for the balance of the term. At the expiration of the term no new terms were proposed, although it appeared that rent for houses in Newport is much less in winter than in summer. Permanent improvements and repairs were made by the defendant, which, but for a contract of purchase, the plaintiffs would have been expected to do. The money paid by the defendant on account of the purchase was neither repaid nor offered to be repaid ; but January 31, 1887, the plaintiffs and defendant joined in a petition to this court for an opinion " whether said agreement should be rescinded." The court found the title to be defective, but suggested to the parties how it might be cured. Without entering a declaratory order that the contract was or should be rescinded, or otherwise treating it as at an end, the plaintiffs went forward to cure the defect ; received the balance of the purchase money, and gave a deed to the defendant, reserving the question of rent. The plaintiffs contend that the contract was rescinded by its own terms. But this depends upon the meaning of the clause referred to, in the interpretation of which the conduct of the parties is a satisfactory guide. The plaintiffs further contend that the defendant cannot be permitted to show a parol waiver of the time; that when the time fixed for the sale in the contract had expired, such waiver made a new agreement, and the defendant, being already in possession as tenant, her possession is to be referred to a tenancy and not to an intended purchase. The authorities cited by the plaintiffs to sustain this point are cases to enforce a parol contract for sale or lease by or against a tenant, upon the ground of pos-

session as part performance of the contract. They proceed upon the well established rule that possession will not take a case out of the operation of the statute of frauds unless it is clearly referable to such contract. The defendant, however, does not seek to enforce a parol agreement. Indeed, it does not appear that any new agreement was made; but the parties went on, as under the original agreement, simply postponing the time for its completion until it could be ascertained whether a good title could be given. The contract was completed, and the defendant now sets up the completed contract to rebut the inference that her possession after September 15, 1886, was that of a tenant. In *Ives* v. *Armstrong*, 5 R. I. 567, 595, it was taken for granted that the parties could waive performance on the day named. In *Ladd* v. *King*, 1 R. I. 224, the court say : " If the agreement for substituted performance has been performed by the one party and received by the other, then undoubtedly it is an accord and satisfaction of the written contract." So it is laid down in Browne on the Statute of Frauds, § 423, that performance according to orally substituted terms is available to either party, in like manner as would have been performance according to the original contract. In considering the performance of the contract we do not ignore the stipulation in regard to rent. It is the fact that the parties all along recognized and finally carried out the contract which controls. As the plaintiffs did not treat the contract as rescinded, by offering to return the money received, or otherwise, but as late as January 31, 1887, joined in asking whether it should be rescinded or performed, and afterwards proceeded to cure the defect and complete the sale, we do not think they can now claim that the contract was rescinded ; on the contrary, we think the case shows a substituted agreement by the parties as to time, which, with all other parts of the agreement, has been fully performed, thus making the transaction complete and binding upon both parties.

*Judgment for defendant for costs.*